Case 0:21-cr-60244-RAR Document 1 Entered on FLSD Docket 08/25/2021 Page 1 of 10

FILED by **KS** D.C.

Aug 25, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**21-60244-CR-RUIZ/STRAUSS**

Case No. _____

18 U.S.C. § 1349
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

KRISTIN ORTA,

        Defendant.

_____/

## INFORMATION

The Acting United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

### The Medicare Program

1. The Medicare Program ("Medicare") was a federal health care program that provided free or below-cost health care benefits to individuals who were sixty-five years of age or older or disabled. The benefits available under Medicare were governed by federal statutes and regulations. The United States Department of Health and Human Services ("HHS"), through its agency the Center for Medicare and Medicaid Services ("CMS"), oversaw and administered Medicare. Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

2. Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3. Medicare was subdivided into multiple program "parts." Medicare Part A covered health services provided by hospitals, skilled nursing facilities, hospices, and home health agencies. Medicare Part B covered physician services and outpatient care, including an individual's access to durable medical equipment ("DME"), such as orthotic devices and wheelchairs.

### Durable Medical Equipment

4. Orthotic devices were a type of DME that included rigid and semi-rigid devices, such as knee braces, back braces, shoulder braces, and wrist braces.

5. DME companies, physicians, and other health care providers that provided services to Medicare beneficiaries were referred to as Medicare "providers." To participate in Medicare, providers were required to submit an application in which the providers agreed to comply with all Medicare-related laws and regulations. If Medicare approved a provider's application, Medicare assigned the provider a Medicare "provider number." A health care provider with a Medicare provider number could file claims with Medicare to obtain reimbursement for services rendered to beneficiaries.

6. Enrolled Medicare providers agreed to abide by the policies, procedures, rules, and regulations governing reimbursement. To receive Medicare funds, enrolled providers were required to abide by the Anti-Kickback Statute and other laws and regulations. Providers were given access to Medicare manuals and service bulletins describing billing procedures, rules, and regulations.

7. Medicare reimbursed DME companies and other health care providers for services and items rendered to beneficiaries. To receive payment from Medicare, providers submitted or caused the submission of claims to Medicare, either directly or through a billing company.

8. A Medicare claim for DME reimbursement was required to set forth, among other things, the beneficiary's name and unique Medicare identification number, the equipment provided

to the beneficiary, the date the equipment was provided, the cost of the equipment, and the name and unique physician identification number of the physician who prescribed or ordered the equipment.

9. A claim for DME submitted to Medicare qualified for reimbursement only if it was medically necessary for the treatment of the beneficiary's illness or injury and prescribed by a licensed physician.

### The Defendant and Related Entities and Individuals

10. Dial4MD, Inc. ("Dial4MD") was a Florida corporation and purported telemedicine company with its principal place of business in Broward County, in the Southern District of Florida.

11. U.S. Care Associates, LLC ("U.S. Care Associates") was a Florida limited liability company and purported marketing company with its principal place of business in Broward County, in the Southern District of Florida.

12. Aim Medical Supply Inc. ("Aim Medical") was a Florida corporation and DME company with its principal place of business in Pinellas County, in the Middle District of Florida.

13. Emmanuel Silva, a resident of Palm Beach County, was a co-owner of Dial4MD and U.S. Care Associates.

14. Sean Aaronson was the office manager of U.S. Care Associates.

15. Defendant **KRISTIN ORTA**, a resident of Broward County, was the owner of Aim Medical.

### Conspiracy to Commit Health Care Fraud
### (18 U.S.C. § 1349)

From in or around January 2018, and continuing through in or around April 2019, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**KRISTIN ORTA,**

did knowingly and willfully, that is, with the intent to further the object of the conspiracy, combine, conspire, confederate, and agree with Emmanuel Silva, Sean Aaronson, and others, known and unknown to the Acting United States Attorney, to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347.

### Purpose of the Conspiracy

16.     It was a purpose of the conspiracy for the defendant and her co-conspirators to unlawfully enrich themselves by, among other things: (a) paying kickbacks and bribes in exchange for signed doctors' orders for DME prescribed to Medicare beneficiaries that was medically unnecessary, not eligible for Medicare reimbursement, and not provided as represented; (b) submitting and causing the submission of false and fraudulent claims to Medicare; (c) concealing and causing the concealment of false and fraudulent claims to Medicare; and (d) diverting fraud proceeds for their personal use and benefit, the use and benefit of others, and to further the fraud.

### Manner and Means of the Conspiracy

The manner and means by which the defendant and her co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

17.     **KRISTIN ORTA** owned and operated Aim Medical, a DME company that purported to provide DME to Medicare beneficiaries.

18.     **KRISTIN ORTA** falsely certified to Medicare that she, as well as Aim Medical,

would comply with all federal laws and regulations, including that she would not knowingly present and cause to be presented a false and fraudulent claim for payment by a federal health care program and that she would comply with the Federal Anti-Kickback statute.

19.     **KRISTIN ORTA** paid bribes and kickbacks to Emmanuel Silva and Sean Aaronson in exchange for signed doctors' orders for DME prescribed to Medicare beneficiaries. In many instances, the braces ordered for these recruited beneficiaries were medically unnecessary. The doctors who signed the doctors' orders purchased by the defendant and her co-conspirators often signed them regardless of medical necessity, in the absence of a pre-existing doctor-patient relationship, without a physical examination, and frequently based solely on a short telephonic conversation or without any conversation with the Medicare beneficiary.

20.     **KRISTIN ORTA**, Emmanuel Silva, and Sean Aaronson disguised the nature of these kickbacks and bribes by executing sham contracts that falsely stated that U.S. Care Associates provided Aim Medical with business process outsourcing and marketing services, and by generating or causing the generation of sham invoices.

21.     **KRISTIN ORTA** and her co-conspirators, through Aim Medical, submitted and caused the submission of false and fraudulent claims to Medicare in the approximate amount of $2,014,855 for braces that were: (a) procured through the payment of kickbacks and bribes; (b) medically unnecessary and ineligible for Medicare reimbursement; and (c) not provided as represented.

22.     **KRISTIN ORTA** and her co-conspirators diverted fraud proceeds from the scheme for their personal use and benefit, the use and benefit of others, and to further the fraud.

All in violation of Title 18, United States Code, Section 1349.

# FORFEITURE
## (18 U.S.C. § 982)

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **KRISTIN ORTA**, has an interest.

2. Upon conviction of a conspiracy to violate Title 18, United States Code, Section 1347, as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to Title 18, United States Code, Section 982(a)(7).

3. The property subject to forfeiture includes, but is not limited to, a sum of approximately $914,895 in United States currency, which represents the gross proceeds of the offense in the violation of Title 18, United States Code, Section 1349 alleged in this Information and which may be sought as a forfeiture money judgment.

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982(a)(7), and the procedures set forth in Title 21, United States Code, Section 853, made applicable by Title 18, United States Code, Section 982(b)(1).

_____
JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

JOSEPH S. BEEMSTERBOER, ACTING CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUCTICE

ALLAN MEDINA, DEPUTY CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

_____
ALEXANDER THOR POGOZELSKI
TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA
v.

KRISTIN ORTA,

　　　　　Defendant.　　　　　/

CASE NO._____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division:** (Select One)
- [ ] Miami
- [ ] Key West
- [✓] FTL
- [ ] WPB
- [ ] FTP

New defendant(s)   [ ] Yes   [ ] No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) **No**
   List language and/or dialect _____

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   0 to 5 days       [✓]
   - II  6 to 10 days      [ ]
   - III 11 to 20 days     [ ]
   - IV  21 to 60 days     [ ]
   - V   61 days and over  [ ]

   (Check only one)
   - Petty         [ ]
   - Minor         [ ]
   - Misdemeanor   [ ]
   - Felony        [✓]

6. Has this case previously been filed in this District Court? (Yes or No) **No**
   If yes: Judge _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **No**
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? (Yes or No) **No**

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

_____
ALEXANDER THOR POGOZELSKI
DOJ Trial Attorney
Court ID No.   A5502549

*Penalty Sheet(s) attached

REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**   KRISTIN ORTA

**Case No:** _____

Count #:  1

Title 18, United States Code, Section 1349

Conspiracy to Commit Health Care Fraud

**\*Max Penalty:**   Ten (10) years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| | ) | |
| Kristin Orta, | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

HOWARD SCHUMACHER, ESQ.
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*